January 10, 1902.) Action by the Socialistic Co-operative Publishing Company against Henry Kuhn and another. S. Sultan, for appellant. B. Patterson, for respondents. No opinion. Judgment affirmed, with costs. See 66 N. Y. Supp. 607.

SOPHIAN, Appellant, v. HENIG, Respondent. (Supreme Court, Appellate Term. December, 1901.) Action by Morris Sophian against Michael Henig. Sigmund Horkimer, for appellant. David W. Rockmore, for respondent.

McADAM, P. J. The defendant, a livery stable keeper, was sued in trover by the plaintiff for the conversion of a horse, harness, etc., of the value of $155. It appears that the property was brought to the defendant's stable by City Marshal Gross, who had taken possession of it to foreclose a chattel mortgage thereon. The city marshal subsequently called in Simon Wand, an auctioneer, who advertised and sold the property at public auction in lots to different people, who took the property away. It does not appear that the defendant ever asserted or exercised any dominion over the property, or that he had anything whatever to do with it, except to permit the city marshal to leave it temporarily in his stable. The defendant took no part in bringing the property to his stable or in sending it therefrom, took no part in the sale, and interfered in no manner with the property or its control. It is difficult to imagine any ground upon which to hold the defendant guilty of conversion, which implies some tortious act, unless it be that the defendant refused to deliver the property to the plaintiff on demand made by him therefor. The answer to this, however, is that the defendant testifies that he never saw the plaintiff until after the purchasers at the sale by the auctioneer had removed the property from his stable, and all power on his part to deliver over the property had ended. The justice having found for the defendant, we must assume that he credited his evidence that no demand for the property was made upon him by the plaintiff. The suit previously brought by the plaintiff, and referred to in the return, was in replevin against John Doe, and it can hardly be seriously claimed that anything done in that suit (which was dismissed) created or gave rise to any right of action herein against the defendant. The case was properly disposed of, and the judgment must be affirmed, with costs. Judgment affirmed, with costs. All concur. See 64 N. Y. Supp. 8.

SPALDING, Respondent, v. GATTMAN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. January 14, 1902.) Action by George W. Spalding, an infant, etc., against John J. Gattman and another. No opinion. Judgment and order affirmed, with costs.

SPARE v. SPARE. (Supreme Court, Appellate Division, First Department. January 17, 1902.) Action by Marie W. Spare against George E. Spare. No opinion. Motion granted, with $10 costs.

STAATS et al., Appellants, v. STORM et al., Respondents. (Supreme Court, Appellate Division, Second Department. January 24, 1902.) Action by John Staats, as trustee, and others, against Sarah A. Storm and others.

PER CURIAM. We do not think that the appellants ought to be forced to bring on this appeal, in the absence of proof of more satisfactory efforts on the part of the respondents to furnish the missing exhibits. Motion to dismiss appeal denied.

STANDKE, Appellant, v. SWITS CONDE CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. December 10, 1901.) Action by Carl Standke against the Swits Conde Company. No opinion. Motion for leave to appeal to the court of appeals granted.

STECHER LITHOGRAPHIC CO., Respondent, v. INMAN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. December 10, 1901.) Action by the Stecher Lithographic Company against Horace Inman and another. No opinion. Judgment and order affirmed, with costs.

STELL, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. December 10, 1901.) Action by Mabel Stell, an infant, by guardian, against the New York Central & Hudson River Railroad Co. No opinion. Motion for leave to appeal to the court of appeals denied, with $10 costs.

STELZNER, Respondent, v. HOFFMAN, Appellant. (Supreme Court, Appellate Division, Second Department. January 24, 1902.) Action by Julius Stelzner against Henry Hoffman. No opinion. Judgment of the municipal court affirmed, with costs.

STEUDLER, Appellant, v. METROPOLITAN ST. RY. CO., Respondent. (Supreme Court, Appellate Division, First Department. February 7, 1902.) Action by Antonio Steudler, as administrator, against the Metropolitan Street Railway Company. A. A. May, for appellant. C. F. Brown, for respondent. No opinion. Judgment affirmed, with costs.

STONE, Respondent, v. CRONIN, Appellant. (Supreme Court, Appellate Division, Second Department. January 10, 1902.) Action by Medad E. Stone, as administratrix, etc., against Bridget Cronin, individually, etc. No opinion. Motion granted, with $10 costs, unless the appellant perfect her appeal papers and cause them to be filed and served within 15 days, in which event the case is placed at the foot of the calendar, and motion denied.

STREEP, Respondent, v. McLOUGHLIN et al., Appellants. (Supreme Court, Appellate Term. October, 1901.) Action by Frank S. Streep against John McLoughlin and others. A. Bell Malcomson (J. A. McCreery, of coun-